| | |
|---|---|
| The Employment Law Firm | |
| Cynthia L. Pollick, LLM | Attorney for Plaintiff |
| I.D. No.: 83826 | |
| 363 Laurel Street | |
| Pittston, PA 18640 | |
| (570) 654-9675 | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA ROMAN | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| GEISINGER WYOMING VALLEY | : | |
| MEDICAL CENTER, AND MARIA | : | |
| CUMBO | : | DOCKET NO: 20-45 |
| | : | |
| Defendants | : | |

## AMENDED COMPLAINT[1]

NOW comes the Plaintiff, DEBRA ROMAN, by her attorney, Cynthia L. Pollick, Esquire, and files the following Amended Complaint against Defendants and avers as follows:

### PARTIES

1.   Plaintiff, DEBRA ROMAN, was a Staff Registered Radiation Therapist for the Defendant Geisinger Wyoming Valley Medical Center starting in November 2007 and had worked for Geisinger for 12 years. She resides in Luzerne County.

---

[1] Plaintiff has until June 30, 2020, to amend the Complaint. (Doc. 10).

1

2. Defendant, GEISINGER WYOMING VALLEY MEDICAL CENTER (hereinafter referred to as GEISINGER), which has a principal place of business at 1000 East Mountain Blvd., Wilkes-Barre, PA 18702.

3. Defendant, MARIA CUMBO, was the Office Manager for Defendant, GEISINGER, which has a principal place of business at 1000 East Mountain Blvd., Wilkes-Barre, PA 18702.

## JURSIDICTION

4. This action is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964 and 1991 and 28 U.S.C. § 1331. The claims involve retaliation and retaliatory hostile work environment. Plaintiff also asserts state claims for which there is supplemental jurisdiction. 28 USCS § 1367.

5. The unlawful employment conditions and practices described in this Complaint have been committed in the Middle District of Pennsylvania, and the employment records relevant to those conditions and practices are, on the information and belief of Plaintiff, maintained and administered at the offices of the Defendant in the Middle District of Pennsylvania and the Defendants does business in this District.

6. Defendant GEISINGER employed at least 15 employees at all material times hereto, and is an "employer" as defined by Title VII.

7. All conditions precedent to jurisdiction under Title VII/PHRA have occurred or have been complied with as follows:

    a. A charge of employment discrimination and retaliation was filed with the PHRC/EEOC within 180 days of the discrimination.

    b. All the discriminatory employment practices and conduct alleged herein were committed within the Commonwealth of Pennsylvania.

    c. Plaintiff exhausted her administrative remedies in good faith.

## COUNT I
## TITLE VII/PHRA
## RETALIATION/RETALIATORY HOSTILE WORK ENVIRONMENT
## PLAINTIFF V. DEFENDANT

8. Paragraphs 1-7 above are incorporated herein by reference as if fully set forth herein at length.

9. Maria Cumbo, is the Office Manager for Geisinger.

10. On or about March 2019, Plaintiff reported the existence of racism against Black and Latinos and discrimination against non-English speaking patients.

11. Specifically, therapists would require minorities and non-English speaking patients to state their names and birth dates in English before receiving treatment instead of providing an interpreter.

12. Geisinger investigated Plaintiff's complaints of discrimination and they were substantiated.

13. Ever since Plaintiff reported the racial discrimination, Plaintiff has been retaliated against by being harassed, reprimanded, disciplined, suspended without pay and ultimately fired all at the hands of Office Manager Maria Cumbo.

14. On or about April 25, 2019, Plaintiff was harassed by the Office Manager when Plaintiff received a reprimand for pointing out that the minority discrimination had occurred and Office Manager was to blame for allowing the occurrence of racial discrimination.

15. On or about May 1, 2019, Plaintiff was again bullied by the Office Manager by being gestured to stop speaking to her and refused to listen to Plaintiff's concerns.

16. On or about May 5, 2019, Plaintiff was put "on call" for her birthday yet every year prior therapists always get their birthday off.

17. On or about May 9, 2019, Plaintiff was dismissed from work by the Office Manager, in direct retaliation for having complained about the racial discrimination.

18. After the end of May 2019, Plaintiff was given a "Opportunity for Improvement" by reviewer Marie Cumbo, which she normally received better evaluations.

19. On or about June 13, 2019, Plaintiff was terminated in retaliation for having blown the whistle on the mistreatment of non-speaking patients, minorities and reporting racial discrimination after 12 years of faithful service.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to Title VII/PHRA, including but not limited to lost wages, back pay, front pay, attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, letters of good reference, and emotional distress.

## COUNT II
## INVASION OF PRIVACY
## PLAINTIFF V. DEFENDANTS

20. Paragraphs 1-19 above are incorporated herein by reference as if fully set forth herein at length.

21. Defendant, MARIA CUMBO, forced, as a condition of employment, that Plaintiff undergo psychological counseling.

22. If Plaintiff did not agree with the same, Defendants, through MARIA CUMBO, informed Plaintiff she would be terminated.

5

23. Additionally, not only was Plaintiff forced to under psychological counseling, she was also forced to sign off on an authorization that Defendants, specifically MARIA CUMBO, would get Plaintiff's private, personal, confidential counseling records.

24. Defendants, as Plaintiff's employer, could not force or collect Plaintiff's private, personal, confidential psychological records.

25. Defendants invaded Plaintiff's privacy when they forced her to attend psychological counseling and forced her to sign an authorization for access to her medical records.

26. It is extremely offensive and outrageous that Defendants would require an employee to undergo psychological therapy.

27. Defendants publicized Plaintiff's private medical records since they were distributed to Defendants' employer agents.

28. "The Third Circuit recognizes a fundamental right to privacy in medical information." *Randall v. Cnty. of Berks*, 2015 U.S. Dist. LEXIS 112149, *57 (ED. Pa. 2015).

29. Defendants, as an employer, should not have access to Plaintiff's private medical records and history.

30. Defendants' unauthorized access to her private medical file was substantial, highly offensive, and intentionally publicized.

31. Plaintiff has suffered mental suffering and humiliation as a result of Defendants' invasion of privacy.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law, including but not limited to compensatory damages, emotional distress, punitive damages, pre- and post- interest, delay damages, and other such legal and equitable relief as allowable at law.

### COUNT III
### VIOLATION OF PHRA
### INDIVIDUAL LIABILITY
### PLAINTIFF V. DEFENDANT CUMBO

32. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) above as if set forth herein at length.

33. Defendant, MARIA CUMBO, as a supervisor, was aiding and abetting GEISINGER when GEISINGER retaliated against Plaintiff for complaining about racial, national origin discrimination/hostile work environment.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to the PHRA, including but not limited to lost wages, back pay, front pay, attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, letters of good reference, and emotional distress.

As to all counts a jury trial is demanded.

>By: s/ Cynthia L. Pollick
>Cynthia L. Pollick, J.D., LLM.
>Pa. I.D. No.: 83826
>363 Laurel Street
>Pittston, PA 18640
>(570) 654-9675
>pollick@lawyer.com

## CERTIFICATE OF SERVICE

Cynthia L Pollick, Esquire, hereby certifies that on March 11, 2020, she served a copy of Plaintiff's Amended Complaint by serving a copy via electronically on Defendants' counsel:

>Anthony Andrisano, Esquire
>Buchanan Ingersoll & Rooney PC
>409 N. Second Street, Suite 500
>Harrisburg PA 17101

>s/ Cynthia L. Pollick
>Cynthia L Pollick, Esquire