# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA ROMAN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-45** |
| v. | : | **(JUDGE MANNION)** |
| **GEISINGER W.V. MEDICAL CENTER and MARIA CUMBO,** | : | |
| | : | |
| **Defendants** | | |

## MEMORANDUM

Pending before the court is the partial motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), filed by defendants Geisinger Wyoming Valley Medical Center (hereinafter, "Geisinger") and Marie Cumbo (collectively "defendants"), (Doc. 16), with respect to Count II of the amended complaint, (Doc. 11), filed by plaintiff Debra Roman. In the alternative, defendants' motion is one for more definite statement under Fed.R.C.P. 12(e). Plaintiff basically claims that after she reported alleged racism by her former employer, Geisinger, against Blacks and Latinos, as well as discrimination against non-English speaking patients, defendants retaliated against her and eventually terminated her in violation of Title VII of the Civil Rights Act ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), Count I. In Count

II, plaintiff raises a state law claim of invasion of privacy against both defendants. In Count III, plaintiff alleges that Cumbo, her former supervisor, aided and abetted Geisinger when it retaliated against her for "complaining about racial, national origin discrimination/hostile work environment", in violation of the PHRA.

In their motion, defendants argue that they are entitled to dismissal of plaintiff's invasion of privacy claim since she failed to properly plead this claim, and that even if this claim is properly pled, plaintiff cannot establish a prima facie case.

As discussed below, the court will **GRANT** defendants' partial motion to dismiss since plaintiff has failed to state a cognizable state law invasion of privacy claim in Count II.

I. BACKGROUND[1]

In her amended complaint filed on March 11, 2020, (Doc. 11), through counsel, in this Title VII and PHRA retaliation case, plaintiff alleges she worked for Geisinger as a Radiation Therapist, and in the Spring of 2019, she reported that above stated discriminatory conduct to her employer. She

---

[1]Since the parties state the complete factual background of this case in their briefs, it will not be fully repeated herein.

alleges that after Geisinger investigated the conduct, she was retaliated against by its employees, including Cumbo. Plaintiff then alleges that she was "forced, as a condition of employment," to undergo psychological counseling, and that she was "forced to sign off on an authorization that Defendants, specifically [Cumbo], would get [her] personal, confidential counselling records." Plaintiff alleges that "Defendants invaded [her] privacy when they forced her to attend psychological counseling and forced her to sign an authorization for access to her medical records." Plaintiff also alleges that "Defendants' unauthorized access to her private medical file was substantial, highly offensive, and intentionally publicized." Subsequently, plaintiff alleges that she received various reprimands, disciplines, and lower performance evaluations, that culminated when Geisinger terminated her employment on June 13, 2019.

On March 25, 2020, defendants filed their partial motion to dismiss, (Doc. 16), with an Exhibit, and their brief in support was filed April 8, 2020. (Doc. 17). Defendants argue that plaintiff failed to identify the nature of her invasion of privacy claim and, that she failed to state a cognizable claim. On April 13, 2020, plaintiff filed her brief in opposition to defendants' motion. (Doc. 18). Defendants file a reply brief on April 24, 2020. (Doc. 19).

Discovery has been commenced and the deadline was extended to April 26, 2021. (Doc. 25).

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 because plaintiff avers violations of Title VII. The court can exercise supplemental jurisdiction over her state law claims under 28 U.S.C. 1367. Venue is appropriate in this court since the alleged unlawful conduct occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

## II. DISCUSSION

Initially, since the parties state the correct legal standard with respect to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) in their briefs, the court does not fully repeat it herein. Suffice to say that dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the facts alleged must be sufficient to "raise a right to relief above the speculative level." *Id*. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"Pennsylvania courts have recognized four types of invasion of privacy torts: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) publicity given to private facts; and (4) publicity placing a person in a false light." Pinkney v. Meadville, PA, 2020 WL 1985037, *1 (W.D. Pa. April 27, 2020) (citing DeAngelo v. Fortney, 515 A.2d 594, 595 (Pa. Super. Ct. 1986).

Although it is not clear from her amended complaint, plaintiff appears to indicate in her brief in opposition that she is relying on an intrusion upon seclusion claim and/or a claim for publicity given to private facts, types (1) and (3) above. As an initial matter, since plaintiff's pleading does not specify which type of invasion of privacy tort or torts she is raising, she cannot amend her pleading in her opposition brief to clarify the type of tort as she attempts to do. See Guevara v. Elizabeth Public Schools, 2019 WL 3244592, *4 (D. N.J. July 18, 2019) ("A complaint cannot be amended through the brief of a party opposing a motion to dismiss." (citing Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

> To establish a tortious intrusion upon his or her seclusion, a plaintiff must show "'an intentional interference with [a person's] interest in solitude or seclusion, either as to his person or his private affairs or

concerns.'" DeAngelo, 515 A.2d at 595 (quoting *Restatement (Second) of Torts* §652B, comment a). In so doing, a plaintiff must establish that "the interference with [his or her] seclusion is a substantial one, of a kind that would be offensive to the ordinary reasonable [person], as a result of conduct to which the reasonable [person] would strongly object." *Id.* (quoting *Restatement (Second) of Torts* §652B, comment d). To state an actionable claim for intrusion upon seclusion, the plaintiff must allege that the defendant has intruded into a private place or invaded the private seclusion of the plaintiff's person or affairs. *See* Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984). Such an action "does not depend on any publicity given to the person whose interest is invaded or to his affairs." *Id.* This tort therefore addresses situations where defendants have invaded the plaintiff's seclusion through their actions. Defendants are not liable for the mere examination of public records. *See Restatement (Second) of Torts* § 652B, comment c.

*Id.* at *2.

To state a claim for publicity given to private facts, plaintiff must establish the following elements: "(1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) not of legitimate concern to the public." *Id.* (citation omitted).

Plaintiff argues that she was required to submit to psychological counselling, i.e., an employee assistance program ("EAP"), and was "forced" by defendants to sign an authorization form releasing her records to defendants, and that these alleged facts are sufficient to state a cognizable common law tort intrusion of privacy or publicity given to private facts claims. There is no question that on May 13, 2019, plaintiff executed an Authorization

6

Form: Formal Referral with ComPsych, Geisinger's EAP provider. (*See* Doc.16, Ex. A). Even though the court is presented with a Rule 12(b)(6) motion to dismiss, it can consider documents, such as the Authorization, outside the pleadings upon which plaintiff bases her claim in Count II and references in her amended complaint. *See* Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

The court concurs with defendants who contend that it does not matter how plaintiff tries to characterizes her invasion of privacy claim in Count II, since she has failed to properly state a claim. To the extent that plaintiff contends defendants are liable for invasion of privacy by unreasonable intrusion since making her submit to an EAP was offensive conduct, "a claim for intrusion upon seclusion involves situations where the defendant intruded into a private place or invaded the private seclusion of the plaintiff's person or affairs and does not depend on the publicity given to the person or to his or her affairs." *Id*. at *3. Rather, "this type of invasion of privacy involves situations where the defendant has intentionally and substantially invaded the plaintiff's seclusion either physically or by some sort of investigation or

examination." *Id*. (internal citations omitted). Here, the defendants cannot be shown to have "intentionally and substantially" invaded the plaintiff's seclusion due to the EAP referral and the counselling examination she was required to have since she executed an Authorization Form in which she allowed the disclosure of Employee Assistance Program related information to defendants. Plaintiff contends that the Authorization did not specifically state that it is for an EAP, and that the nature of the information obtained from an EAP is confidential and that disclosure of such information can substantiate an invasion of privacy claim. As indicated, there is no dispute that plaintiff submitted to the EAP and that she signed the Authorization. The court finds no merit to plaintiff's unsubstantiated allegation that she was somehow "forced" to sign the Authorization. As defendants point out, (Doc. 19 at 11), even assuming *arguendo* that plaintiff was forced to sign the Authorization, "Plaintiff has not cited to a single case to support her claim that being 'forced' to sign an Authorization amounts to any of the four invasion of privacy claims." The court also finds no merit to plaintiff's stated contentions since the Authorization plaintiff signed clearly stated: "The purpose of the disclosure by ComPsych to the recipient [Cumbo] is: <u>To report my compliance/non-compliance with the formal referral process</u>." (Doc. 16, Ex. A) (emphasis in original). The Authorization also stated that: "I

8

understand that the information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by law." There is no doubt that the Authorization was associated with the EAP despite the fact that it did not state it was for an EAP. Further, even though the information obtained from a participant such as plaintiff in an EAP is confidential, Geisinger's EAP provider received plaintiff's approval before it disclosed to defendants the limited information related to the EAP, such as: the date of appointments; treatment recommendations; compliance/noncompliance with recommendations; completion of treatment recommendations; and the results of drug/alcohol tests, if applicable. (*See* Doc. 16, Ex. A). This information was essentially to show that plaintiff underwent the counseling that Geisinger required her to get. As mentioned, all of the information plaintiff expressly authorized defendants to receive was only for "purpose[s] of...report[ing] [plaintiff's] compliance/non-compliance with the formal referral process." (*See id*.). In other words, defendants were only provided information related to plaintiff's meeting with their EAP provider.

Therefore, the court finds that the information which the defendants received from the EAP provider pursuant to the Authorization plaintiff signed cannot, as a matter of law, form the basis for plaintiff's state common law

invasion of privacy claim. Thus, the court will grant defendants' motion to dismiss Count II of the amended complaint for failure to state a claim since plaintiff consented to the disclosure of the EAP-related information to defendants. Additionally, since plaintiff has already filed an amended complaint, since plaintiff's state law invasion of privacy law claims fails as a matter of law, and since discovery is almost completed, the court will dismiss Count II with prejudice based on futility and undue prejudice to defendants.

### III. CONCLUSION

The defendants' partial motion to dismiss, **(Doc. 16)**, will be **GRANTED** and plaintiff's state law tort claim for invasion of privacy, Count II of her amended complaint, **(Doc. 11)**, will be **DISMISSED WITH PREJUDICE**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE**: **March 29, 2021**
20-45-01